﻿Citation Nr: 19158997
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 17-37 529
DATE: July 30, 2019

ORDER

Service connection for a back disability is denied.

Service connection for a bilateral leg disability is denied.

FINDINGS OF FACT

1. The Veteran’s back disability was not incurred in and due to his time in service.

2. The Veteran’s bilateral leg disability was not incurred in and due to his time in service.

CONCLUSIONS OF LAW

1. The criteria for service connection for a back disability have not been met. 38 U.S.C. §§ 101, 106, 1101, 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.310.

2. The criteria for service connection for a bilateral leg disability have not been met. 38 U.S.C. §§ 101, 106, 1101, 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from July 1963 to July 1965. 

In January 2019, the Board remanded these matters in order to obtain Social Security Administration (SSA) records that could potentially help the Veteran in substantiating his claims. In March 2019, SSA submitted a statement saying they had no medical records for the Veteran. 

Service Connection Claims

Generally, to prevail on a claim of service connection on the merits, there must be competent evidence of (1) a current disability, (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury, and (3) medical evidence or other competent evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. See Hickson v. West, 12 Vet. App. 247 (1999); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

To establish service connection on a secondary basis, the evidence must show (1) that a current disability exists and (2) that the current disability was either (a) caused by or (b) aggravated by a service-connected disability. 38 C.F.R. § 3.310(a)(b) (2016), Allen v. Brown, 7 Vet. App. 439 (1995) (en banc).

The Veteran contends he has a back and a bilateral leg disability that were incurred in and due to his time in service. Specifically, the Veteran has stated while in service, he was thrown in the air by the concussive force of a shell and injured his back. Additionally, the Veteran has stated he hurt his back in service while lifting heavy objects. (See March, April 2002 statements, August 2018 examination.)

The Veteran has been diagnosed with a back disability and has been found to have bilateral lower extremity radiculopathy. (See August 2018 examination.) 

While the Veteran’s service treatment records (STRs) indeed show he was subject to an explosion in service, the records for that event do not indicate the Veteran complained of back pain while complaining of other symptoms, such as tinnitus and a headache. The Veteran’s May 1965 separation examination shows the Veteran’s back and lower extremities were normal and the Veteran himself stated he was in good health. 

The Veteran had an examination for his back in August 2018. The examiner reviewed the Veteran’s file and saw the Veteran in person. The examiner noted the Veteran’s back diagnosis and noted the Veteran said while in service, he had to lift heavy objects and that he was thrown in the air by a shell. The Veteran also reported he started to have trouble with his back during and after service. The examiner reported the Veteran worked construction for about 30 years after service and his back started bothering him enough around 1997 to seek treatment. 

The examiner listed the extensive list of relevant medical records reviewed and opined the Veteran’s back disability was less likely than not incurred in or due to his time in service. The examiner noted there was no indication in the Veteran’s STRs that he suffered a back injury in service. 

The examiner also noted the Veteran’s independent medical evaluations and reported it said that it was well known in the medical community that chronic pain can result in mental health conditions. However, the examiner found this statement to be too general to carry any weight. The examiner also stated that the statement submitted by Dr. Wilson ignored the fact the Veteran had a post-service back injury which was caused by a work-related incident, which resulted in two surgeries and were covered by Worker’s Compensation, indicating Worker’s Compensation did not believe it to be a pre-existing condition. The examiner also noted that while chronic pain can cause anxiety and depression, the opposite is not true. 

The examiner opined the Veteran’s back disability was not proximately due to any of the Veteran’s service connected disabilities, saying hearing loss, tinnitus and the Veteran’s psychiatric disability do not cause any of the Veteran’s diagnosed disabilities. The examiner also opined the Veteran’s back disability was not aggravated by any of his service connected disabilities as there was no anatomical or etiological association between any of the service connected disabilities and any of the Veteran’s diagnosed back problems.

The Veteran’s record does indicate an extensive history of treatment for back and bilateral leg pain, including back surgeries. 

However, the first mention of back and leg problems began almost 30 years after the Veteran’s separation from service. 

Additionally, in a December 2003 doctor’s visit, the Veteran said he had been disabled for three years due to back surgeries and shoulder surgery. The Veteran stated he did road construction through a private contractor and injured his back on the job.

The Board notes the Veteran was not provided a separate examination and opinion as to the current nature and etiology of his claimed bilateral leg disability. However, VA need not conduct an examination with respect to the claim on appeal, as information and the evidence of record contains sufficient competent medical evidence to decide the claim. See 38 C.F.R. § 3.159(c)(4). Under McLendon v. Nicholson, 20 Vet. App. 76 (2006), VA must provide an examination when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, and (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the Veteran’s service or with another service connected disability, but (4) insufficient competent medical evidence on file for VA to make a decision on the claim.

Simply stated, the standards of McLendon are not met in this case as the Veteran is not shown to have suffered his bilateral leg radiculopathy while in service and there is no other competent medical evidence suggesting an association to service. 

Regarding the claims above, the Board acknowledges the Veteran’s statements that his disabilities constantly bother him, causing him pain and discomfort, and that he believes they are all due to his time in service. The Board also recognizes the Veteran continues to seek medical treatment for these conditions. However, while the Veteran is competent to report the symptoms of his disabilities, he is not competent to opine on matters requiring medical knowledge, such as determining the nature and etiology of his medical conditions. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). The Board has weighed the Veteran’s statements against the objective evidence of record and finds the objective evidence to be more probative than the Veteran’s statements. While the Veteran has been diagnosed with both leg and back disabilities, the Veteran’s STRs are negative for complaint or treatment of such problems while in service. 

Also weighing against the Veteran’s claim is the fact that the record does not show he sought treatment for these disabilities until approximately 30 years after his separation from service and that his back disability appears to have been caused by a workplace event. Lastly, the Veteran has, on several occasions, mentioned that his back disability was related to work. (See December 2003, September 2004 statements.)

The Board finds the August 2018 examination and opinion to be of significant probative value. As is true with any piece of evidence, the credibility and weight to be attached to these opinions are within the province of the adjudicator. Guerrieri v. Brown, 4 Vet. App. 467, 470-71 (1993). Whether a physician provides a basis for his or her medical opinion goes to the weight or credibility of the evidence in the adjudication of the merits. See Hernandez-Toyens v. West, 11 Vet. App. 379, 382 (1998). Here, the August 2018 examiner’s opinion was based on a thorough review of the Veteran’s statements, his reported medical history, and the medical evidence of record. Further, a complete and thorough rationale was provided for the opinions offered. 

It is important for the Veteran to understand that the medical findings provide highly probative evidence against these claims that the Board cannot, unfortunately, ignore, outweighing the Veteran’s belief that his disabilities are the result of service, providing a highly clear basis for the opinion. 

Regarding all the above, the Board has considered the applicability of the benefit of the doubt doctrine. Because the preponderance of the evidence is against the Veteran’s claim, the benefit of the doubt doctrine does not apply. See 38 U.S.C. §5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57(1990).

 

John J. Crowley

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Snoparsky, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.